UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

JEFFREY JEFFERS,

          Plaintiff,

- versus -

THE CITY OF NEW YORK; NEW YORK CITY N.Y.P.D. AT THE 83RD PRECINCT; COMMISSIONER WILLIAM BRATTON, in his official capacity,

          Defendants.

MEMORANDUM AND ORDER

15-CV-2965 (JG)

JOHN GLEESON, United States District Judge:

  On May 19, 2015, plaintiff Jeffrey Jeffers filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Jeffers's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed and Jeffers is granted thirty (30) days leave to file an amended complaint.

## BACKGROUND

  Jeffers alleges that in June 2014 and from March 3, 2015 to March 5, 2015, he was "made to use a restroom at the 83rd Precinct that was in a filthy condition with human feces, urine, soiled toilet paper plastered on the walls, sink and floor, also with bugs (Insects) . . . ." Compl. at 8. Jeffers "was forced to use this restroom at least on five occasions during March 3, 2015 and 3 times in June 2014 while being held to go to Central Booking and to be arraigned."[1] Compl. at 8-9. Jeffers seeks money damages. Compl. at 15, 17.

---

[1] The complaint does not make clear whether Jeffers actually was forced to use the restroom on

DISCUSSION

A.  *Legal Standard*

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and I am required to read the Jeffers's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)*; see Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999); *Liner v. Goord*, 196 F.3d 132, 134 n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

---

"five occasions during March 3, 2015," or whether this is a typo and Jeffers really meant five times during March 2015.

In order to maintain a § 1983 action, a plaintiff must allege: "(1) the conduct complained of must have been committed by a person acting under color of state law, and (2) the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

B.  *Claims Against Commissioner Bratton*

Although Jeffers names Police Commissioner William Bratton as a defendant, he does not allege that the Commissioner was personally involved in the deprivation of his civil rights. In a civil rights action for monetary damages, a plaintiff must allege the defendant's direct or personal involvement in the actions that caused the constitutional deprivation. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). A plaintiff must also "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

In addition, liability under § 1983 cannot be generally imposed on a supervisor solely based on his position because there is no respondeat superior or vicarious liability under § 1983. *See, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)); *Hernandez v. Keane,* 341 F.3d 137, 144 (2d

3

Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior."). Here, Jeffers fails to demonstrate that Police Commissioner William Bratton had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of Jeffers's civil rights to make him liable under § 1983.

C. *Claims against the NYPD and the City of New York*

To the extent Jeffers seeks to name the New York City Police Department as a defendant, his claim also fails. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter ch. 17 § 396 (formerly chapter 16; chapter renumbered at General Election, Nov. 8, 1988). The New York City Police Department is an agency of the City of New York that lacks independent legal existence and is not a suable entity. *See, e.g., Lopez v. Zouvelos*, No. 13-CV-6474 (MKB), 2014 WL 843219, at *2 (E.D.N.Y. Mar. 4, 2014) (dismissing all claims against the NYPD as a non-suable entity); *Henderson v. Kelly*, No. 13-CV-5738 (JG), 2014 WL 689046, at *1 (E.D.N.Y. Feb. 20, 2014) (same).

Likewise, Jeffers's claim against the City of New York must be dismissed as he fails to allege any facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of his federally protected rights. *See Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403-04 (1997); *Monell*, 436 U.S. at 694. "To hold a city liable under section 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the

4

plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks and alteration omitted). Although Jeffers names the City of New York in the caption of his complaint, he does not allege facts sufficient to support a *Monell* claim, including, for instance, the existence of a policy or custom. *See Dudley v. Meekins,* No. 13-CV-1851 (NGG)(VMS), 2013 WL 1681898, at *4 (E.D.N.Y. Apr. 17, 2013) ("Plaintiff's Complaint cannot reasonably be interpreted to allege facts sufficient to show that any alleged injury was caused by any policy or custom of the City.")).

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice. 28 U.S.C. § 1915A. In light of my duty to liberally construe *pro se* complaints and in an abundance of caution, Jeffers is given thirty (30) days leave to file an amended complaint to name the individual defendants he alleges violated his constitutional rights. *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000).

Jeffers is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should Jeffers elect to file an amended complaint, the amended complaint must set forth the factual allegations to support his claims against all named defendants. Jeffers must identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. Jeffers must also provide the dates and locations for each relevant event. If Jeffers does not know the names of the individual(s), he may identify each of them as John or Jane Doe, along with a descriptive information and place of employment.

5

Jeffers is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, he must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

If Jeffers fails to comply with this order within the time allowed, judgment shall enter. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
June 25, 2015